# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GULF ENGINEERING COMPANY, LLC.                    CIVIL ACTION

VERSUS                                            15-441-SDD-EWD

THE DOW CHEMICAL COMPANY

## RULING

Before the Court is a *Daubert Motion and/or Motion in Limine*[1] filed by the Defendant, the Dow Chemical Company ("Dow"), seeking to exclude opinion testimony of Michele Avery, CPA. The Motion is opposed.[2] For the following reasons the Motion is denied.

Plaintiff Gulf Engineering Company, LLC ("Gulf") retained Michele Avery ("Avery"), CPA, ABV (Accredited Business Valuator), CVA (Certified Valuation Analyst), MAFF (Master Analyst in Financial Forensics), to evaluate the loss of value to Gulf following Dow's alleged breach of the "Agreement for Services" that governed the relationship between Dow and Gulf.

According to the *Complaint*, Dow contracted with Gulf to inspect, verify, track and non-destructively test industrial process piping, valves, environmental protection equipment, tanks, drums, metals, and other equipment at various DOW facilities.[3] In September 2014, Dow provided 90 day written notice to Gulf that it was terminating its

---

[1] Rec. Doc. 68.
[2] Rec. Doc. 100.
[3] Rec. Doc. 1, ¶ 8.
Document Number: 47609

relationship with Gulf pursuant to § 3.1 of Article III of the "Agreement for Services."[4]  Gulf alleges that, despite the 90 days termination notice, Dow caused Gulf personnel to immediately vacate the Dow premises. In this breach of contract suit, Gulf claims damages for lost revenues and profits, loss of future revenues and profits, and diminution of Gulf's overall business valuation, due to the loss of Gulf's nondestructive testing division.[5]

## I.    LAW AND ANALYSIS

Opinion testimony is admissible under the Federal Rules of Evidence if:  (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education, (2) the expert's reasoning or methodology underlying the testimony is sufficiently reliable, and (3) the testimony is relevant.[6]  The party offering expert testimony is not required to establish the correctness of the opinion; rather, the proponent of the opinion testimony bears the burden of establishing "by a preponderance of the evidence that the testimony is reliable."[7]  "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under Fed.R.Evid. 702."[8]

Dow does not challenge Avery's qualifications to render opinion testimony.  Rather, Dow seeks exclusion of Avery's opinions regarding Gulf's lost value as a going concern arguing that her methodology is flawed, and therefore her opinions are unreliable and will

---

[4] *Id.* at ¶ 32.
[5] Rec. Doc. 1, ¶ 55.
[6] Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).
[7] *Moore v. Ashland Chemical, Inc.,* 151 F.3d 269, 276 (5th Cir.1998), *cert. denied,* 526 U.S. 1064 (1999).
[8] *Munoz v. Orr,* 200 F.3d 291, 301 (5th Cir. 2000); *Ricks v. City of Alexandria,* 2014 WL 4274144, at *8 (W.D.La., 2014).

not assist the trier of fact. Dow further moves to exclude any opinion testimony by Avery as to causation, arguing that she conceded in her deposition that she would not offer an opinion as to the cause of the failure of Gulf's business.

A. Going Concern Opinions

Dow challenges the reliability of Avery's opinions that Gulf had value as a going concern. The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid. The Court must then assess whether the expert's reasoning or methodology is relevant to facts at issue and will, thus, assist the trier of fact to understand the evidence.

Dow concedes that "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."[9] Likewise Dow "does not dispute that experts can base their opinions on assumptions."[10] Rather, Dow argues that "Avery's report contains no reliable methodology regarding how she —as she claims— determined that Gulf is a going concern."[11] In other words, Dow challenges the reliability of the going concern assumption.

Dow argues that Gulf's viability as a going concern is a critical issue in the case. Dow offers deposition testimony that, before losing the Dow contract, Gulf had lost other customers which negatively affected Gulf's revenue stream. The Court finds that this can be adequately challenged on cross examination. "The trial court's role as gatekeeper is

---

[9] Rec. Doc. 68-1 at 2, citing *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., Miss.,* 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).
[10] Rec. Doc. 68-1 at 9.
[11] *Id.*

Document Number: 47609

not intended to serve as a replacement for the adversary system."[12] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[13]

B. <u>Causation</u>

Dow argues that in her deposition Avery admitted that she would not give opinion testimony as to causation; that she did not attempt to discern the cause of Gulf's business failure, she simply calculated the going concern value of Gulf pre and post breach. Dow maintains that without opinion testimony as to causation, Avery's loss opinions must be excluded as irrelevant.

 In her report, Avery opines:

> The loss of the Dow contract created a cascade affect wherein Gulf's remaining TPS employees and contractors cut ties with Gulf. All TPS division revenue ceased in 2014. The revenue generated by other Gulf divisions was generated primarily from Gulf's TPS customers. Consequently when the Gulf's TPS division lost its customers the other divisions lost their customer base as well. Gulf completely ceased operations on February 23, 2018. *As a result of Dow's breach of contract, Gulf lost most of its customers and ceased operations.*[14]

Gulf fails to respond to this argument. Nonetheless, the Court finds that Dow's objections are well protected by the adversarial process and able cross examination. The Court finds no fundamental flaws in Avery's loss calculations.  Whether those losses are based on valid assumptions, and whether the loss was caused by the alleged breach, are matters best left to the discernment of the jury.

---

[12] *14.38 Acres of Land,* 80 F.3d at 1078; *see also*, *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 at *3 (E.D.La. Oct. 24, 2003).
[13] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) (citation omitted).
[14] Rec. Doc. 68-2 at 4 (emphasis added).
Document Number: 47609

## II.    CONCLUSION

Accordingly, Dow's *Motion in Limine*[15] to exclude opinion testimony of Michele

Avery is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 23rd day of August, 2018.

_Shelly D. Dick_____

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rec. Doc. No. 68.
Document Number: 47609